UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**DAVID R. MILLSAP**,

Plaintiff,

v.

Case No.: 3:21-cv-00647-jdp

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**,

Defendant.

---

# RULE 26(F) REPORT

---

Plaintiff, by his attorneys, and Defendant, by its attorneys, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f). Counsel for the parties conferred about the matters set forth below on December 9, 2021.

1. Nature of the Case. This is a civil dispute brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") in which the Plaintiff seeks Long-Term Disability Insurance ("LTDI") benefits under the ERISA-governed Plan at issue. The Defendant contends that the Plaintiff is not entitled to said benefits.

2. Statutory Basis for Jurisdiction and Venue. The parties agree that the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated therein under 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1) and (f), this action being brought under ERISA. The parties also agree that venue is proper in the United States District Court for the Western District of Wisconsin.

3. Names of Any Related Cases. There are no related cases.

4. Material Factual and Legal Issues to be Resolved at Trial.

Plaintiff's position: Plaintiff contends that he became disabled in January 2016, eligible to receive LTDI benefits effective September 2016, and remains eligible for continued LTDI benefits. Plaintiff further contends that Defendant's decision to deny his LTDI benefits was erroneous, arbitrary, capricious, and unreasonable.

Defendant's position: The material factual and legal issue to be resolved in this case through dispositive motions is whether Defendant's decision to deny Plaintiff's claim for long-term disability benefits was reasonable; that is, not arbitrary and capricious.

5. Amendment to the Pleadings. The parties do not anticipate amending the pleadings.

6. Identity of New Parties to be Added. The parties do not anticipate adding any new parties to the case.

7. Estimated Trial Length. If a trial is necessary, the parties believe that a trial will take no more than two days and agree that the case shall be a bench trial.

8. Possibility of Prompt Settlement. The parties will consider the possibility of settlement.

9. Mediation. The parties do not anticipate mediating this case.

10. Initial Disclosures. The parties agree to opt out of the initial disclosure requirement. Instead, the Defendant shall produce the Administrative Record on or before January 21, 2022. Plaintiff shall have until February 18, 2022 to raise any

challenge to the information, materials and/or documentation contained therein. Defendant shall file the Administrative Record by March 4, 2022.

11. Electronically Stored Information. The parties do not believe this case involves discovery of electronically stored information (ESI). If e-discovery becomes necessary, the parties will discuss the most cost-effective and efficient use of the same.

12. Electronic Service. The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, if the sender does not receive an indication the transmission was unsuccessful.

13. Confidentiality. The parties do not anticipate any disputes concerning confidentiality or claims of privilege. If a dispute arises, Fed. R. Civ. P. 26(b)(5) shall control. If discovery is ordered by the Court, the parties request that all disclosures be made pursuant to a Protective Order.

14. Orders. The parties do not presently contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

15. Change to Limitations on Discovery Imposed by Federal Rules.

Defendant's position: This is an ERISA claim for benefits to be reviewed on the Administrative Record available to the administrator at the time of the decision and no discovery should be permitted. Defendant disputes Plaintiff's right to claim for discovery beyond the administrative record.

Plaintiff's position: The Plaintiff does not agree that this is a case for review on a closed administrative record. The Plaintiff reserves the right to seek discovery and to introduce evidence beyond the administrative record.

16. Proposed Schedule. The parties jointly propose that the Court establish the following schedule in this matter:

| | |
|---|---|
| Deadline for Defendant to Produce Administrative Record | January 21, 2022 |
| Deadline for Plaintiff to Dispute the Administrative Record | February 18, 2022 |
| Deadline for Defendant to File Administrative Record | March 4, 2022 |
| Dispositive Motion Deadline (Cross Motions) | July 22, 2022 |
| Dispositive Motion Response Deadline (Cross Responses – No Replies Without Leave of Court) | August 19, 2022 |
| Trial – if necessary | February 21-22, 2023 |

Dated: December 15, 2021

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff*

*/s/William E. Parsons*
William E. Parsons, WI SBN 1048594
Email: wparsons@hq-law.com
Jessa L. Victor, WI SBN 1099144
Email: jvictor@hq-law.com
409 East Main Street
Madison, Wisconsin 53701-2155
Phone: (608) 257-0040
Fax: (608) 256-0236

Dated: December 15, 2021

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
*Attorneys for Defendant*

By:/s/Iwana Rademaekers______
Iwana Rademaekers, TX SBN 16452560
Email: iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: 214-579-9319
Facsimile: 469-444-6456